MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 119
Trenton, New Jersey  08625
Attorney for N.J. Department of Labor & Workforce Development,
Division of Unemployment and Disability Insurance

By:  Gregory L. Van Dyck
     Deputy Attorney General
     (609) 376-2870

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| In Re: **KIERRA L. HUDSON** | : | Case No.: 25-16717 - JNP |
| --- | --- | --- |
| | : | Adv. Pro. No.: |
| **Debtor** | : | |
| | : | **Chapter 13** |

| | : | |
| --- | --- | --- |
| N.J. DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT, DIVISION OF UNEMPLOYMENT AND DISABILITY INSURANCE, | : : : : | <u>Civil Action</u> |
| Plaintiff, | : | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |
| v. | : | |
| KIERRA L. HUDSON, | : | |
| Defendant. | : | |

Plaintiff, New Jersey Department of Labor & Workforce Development, Division of Unemployment and Disability Insurance, ("N.J. Labor") through its Attorney, Matthew J. Platkin, Attorney General of New Jersey (by Gregory L. Van Dyck, Deputy Attorney General), says:

1. This Complaint is filed by N.J. Labor to determine whether the debt owed to N.J. Labor from the Defendant, KIERRA L. HUDSON, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and 523(a)(7). The court has jurisdiction under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. For the period beginning with the compensable week ending July 18, 2020, and ending with the compensable week ending June 26, 2021 and then again for the period beginning with the compensable week ending July 10, 2021, and ending with the compensable week of February 5, 2022, the Defendant represented every two weeks to N.J. Labor that she did not work, when in fact she worked for Heath Care Consultants, Inc. and Buena Regional School District Board of Education. Because the Defendant misrepresented her employment status, the Defendant became disqualified for all benefits. This willful or fraudulent misrepresentation allowed the Defendant to obtain unemployment compensation benefits from N.J. Labor which the Defendant was not entitled to receive, in violation of N.J.S.A. 43:21-16.

3. N.J. Labor relied upon the misrepresentations by the Defendant, and paid the Defendant $16,408.00 for the compensable weeks listed in paragraph 2 above. There are additional non fraud payments in the amount of $52.00 listed however are not a part of this Complaint.

4. After notice and an opportunity for a hearing, N.J. Labor sought a refund of the overpayment of unemployment benefits in the amount of $20,510.00 including penalty in the amount of $4,102.00. (A true and correct copy of N.J. Labor's "Determination and Demand for Refund of Unemployment Benefits and Imposition of Penalty and Disqualification Because of Willful Misrepresentation" is attached as Exhibits A)

5. Defendant has received a credit of $2,273.88, and interest of $0.00 has accrued.

6. The Defendant claimed additional benefits that were not determined to be fraudulently collected. The Department of Labor is not seeking a determination of non-dischargeability for these non-fraud debts.

7. The amount due is a debt for money obtained by fraud and false representation and for penalties owed to and for the benefit of a governmental unit within the meaning of 11 U.S.C. § 523 (a)(2) and 523 (a) (7) in that the debtor represented that he was unemployed and eligible for benefits when in fact he was employed and ineligible for benefits.

WHEREFORE, N.J. Labor requests the following relief from this Court:

(a) determine that the debt(s) owed by defendant-debtor, , to N.J. Labor, is nondischargeable;

    (b) enter judgment in favor of N.J. Labor, and against defendant, KIERRA L. HUDSON, in the sum of $18,236.12.

    (c) and grant any further relief as is just and equitable.

```
                              MATTHEW J. PLATKIN
                              ATTORNEY GENERAL OF NEW JERSEY


                         By: /s/ Gregory L. Van Dyck
                              Gregory L. Van Dyck
                              Deputy Attorney General
```

DATED: September 10, 2025